**COLOR TILE, INC., Appellant,**

v.

**Ron RAMSEY, Appellee.**

**No. 14–94–00285–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 15, 1995.

Rehearing Overruled Aug. 24, 1995.

Quentin D. Brogdon, Houston, for appellant.

Stephen Schechter, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN,* JJ.

## OPINION

FOWLER, Justice.

This breach of contract suit comes to us on appeal from county court, which heard an appeal from justice court. We find the county court lacked subject matter jurisdiction over appellee's counterclaims and reverse the trial court's judgment in his favor and dismiss his causes of action. However, we affirm the take-nothing judgment against appellant, because appellant did not bring a point of error challenging the verdict on its breach of contract action.

### PRIOR POSTURE AND BRIEF FACTS

Ron Ramsey contracted with Color Tile to install a tile floor in his home. Ramsey was unhappy with Color Tile's work, and refused to pay the balance owed on his contract. Color Tile filed suit against him in justice court for the balance owed—about $2000. Ramsey answered, asserting the defenses of failure of consideration and fraud. Ramsey also counterclaimed for breach of warranty and misrepresentation. Color Tile obtained a $1179.50 judgment in the justice court.

Ramsey appealed the judgment to county court and amended his pleadings to assert counterclaims for: (1) breach of contract, (2) DTPA, (3) fraud, and (4) breach of warranty. In his answer and counterclaim, Ramsey pled for damages of $5000 for the breach of con-

* The Honorable Joe L. Draughn sitting by assignment.

tract, or alternatively for DTPA damages including triple damages, or alternatively for fraud damages. In county court, the parties were realigned so that Ramsey was styled the plaintiff, and Color Tile the defendant. The jury awarded Ramsey $7756.94 in damages for breach of warranty, of which the first $1000 was trebled under the DTPA. The jury also found Color Tile breached the warranty "knowingly," and that Ramsey was entitled to $1000 in additional damages. Further, the jury awarded Ramsey $20,000 in attorney's fees, plus attorney's fees for appeals. The jury awarded Color Tile no damages on its breach of contract action.

Color Tile brings five points of error, alleging that (1) the county court lacked subject matter jurisdiction over the appeal; (2) the trial court erred in allowing Ramsey to call a surprise fact witness; (3) the trial court erred in submitting DTPA questions to the jury because Ramsey did not follow the DTPA's notice provisions; and (4) the evidence is insufficient to support the amount of attorney's fees awarded.[1] Ramsey brings two cross points, alleging that the trial court erred in allowing certain photographs into evidence, and that this Court should sanction Color Tile under TEX.R.APP.P. 84 for bringing a frivolous appeal.

## SUBJECT MATTER JURISDICTION

Color Tile contends in its first point of error that the county court lacked subject matter jurisdiction over Ramsey's claims, because the amount in controversy exceeded the jurisdictional limits of the justice court, where the suit was originally filed. Ramsey counters that the jurisdiction of the justice court is determined by the plaintiff's petition at the time the suit is filed, and later events cannot serve to divest the court of jurisdiction.

■ Subject matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993).

Subject matter jurisdiction may not be waived by the parties, and may be raised for the first time on appeal. *Id.* at 445; *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 547 (Tex.), *cert. denied* 502 U.S. 824, 112 S.Ct. 88, 116 L.Ed.2d 60 (1991). If a trial court lacks subject matter jurisdiction, the appellate court must reverse the judgment of the trial court, and dismiss the cause of action entirely. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.1985). *See also Montgomery Elevator Co. v. Tarrant County*, 604 S.W.2d 363, 365 (Tex.Civ.App.—Fort Worth 1980, no writ) (dismissing cause of action when counterclaim exceeded jurisdictional limits of county court).

■ An appeal from a justice court judgment is tried *de novo* in the county or district court. TEX.R.CIV.P. 574b. However, the appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over the appeal unless the justice court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex.App.—Houston [14th Dist.] 1993, no writ). As creatures of statute, justice courts are governed by a legislative grant of jurisdiction. At the time this suit was filed, justice courts had jurisdiction in cases where the amount in controversy was not more than $2500, excluding interest. TEX.GOV'T CODE ANN. § 27.031 (Vernon 1988).[2]

■ Ramsey claims that the county court had jurisdiction over the entire suit between Color Tile and Ramsey, including Ramsey's counterclaims, because Color Tile's original petition was within the jurisdictional limits of the justice court. We agree with the general proposition Ramsey asserts— that the plaintiff's original petition determines the jurisdiction of the court over the claims before it. "Where jurisdiction is once lawfully and properly acquired, no subsequent fact or event in the particular case serves to defeat jurisdiction." *Flynt v. Garcia*, 587 S.W.2d 109, 109–110 (Tex.1979);

---

1. Under the fifth point of error, Color Tile requests a remittitur of the attorney's fees.

2. Amended by Acts 1991, 72nd Leg., ch. 776, § 2, effective September 1, 1991 (current version

at TEX.GOV'T CODE ANN. § 27.031 (Vernon Supp. 1995), providing justice court has jurisdiction over matters where amount in controversy is not more than $5000).

*Blake v. Blake,* 725 S.W.2d 797, 799 (Tex. App.—Houston [1st Dist.] 1987, no writ). In spite of this general rule, however, a trial court has no jurisdiction to hear a claim brought by either a plaintiff or a defendant that is not within its subject matter jurisdiction. As stated in Rule 97(c) of the Texas Rules of Civil Procedure, a counterclaim may exceed the amount of relief sought by the opposing party, *so long as the subject matter is within the jurisdiction of the court.* TEX. R.CIV.P. 97 (emphasis added). Clearly, then, counterclaims are judged on their own merits and must independently comport with a court's jurisdiction. *Clary Corp. v. Smith,* 886 S.W.2d 570, 572–73 (Tex.App.—Fort Worth 1994, writ filed).

■ Here, while Color Tile's original breach of contract suit was within the jurisdictional limits of the justice court, Ramsey "pleaded himself out of court" when he filed a counterclaim on appeal in the county court demanding relief clearly in excess of the jurisdictional limits of the justice court. *See Peek v. Equipment Serv. Co.,* 779 S.W.2d 802, 804 (Tex.1989) (citing *Richardson v. First Nat'l Life Ins. Co.,* 419 S.W.2d 836, 839 (Tex.1967)). As succinctly stated by the Galveston Court of Appeals:

It thus clearly appears that the amount sought by appellee in his cross-action ... is in excess of the maximum jurisdictional limits of the justice court, and, as the jurisdiction of said county court at law to which this suit was carried by appeal was appellate and not original, the court acquired no jurisdiction to render the judgment from which this appeal was prosecuted.

*United Finance Corp. v. Quinn,* 149 S.W.2d 148, 149 (Tex.Civ.App.—Galveston 1941, writ dism'd). *See also Kitchen Designs, Inc. v. Wood,* 584 S.W.2d 305, 307 (Tex.Civ.App.— Texarkana 1979, writ ref'd n.r.e.), a case factually identical to the case before us, except that the original suit in that appeal was filed in county court.

Ramsey contends that the only reason his claim exceeded the jurisdictional limits of the justice court was due to the passage of time, because the ceramic tile die lot that matched Ramsey's tile was no longer available and it therefore became necessary to sue for the replacement cost of the entire floor, rather than just the damaged individual tiles. Citing *Flynt v. Garcia,* 587 S.W.2d 109, 110 (Tex.1979), he points out that when the original suit is within the jurisdictional limits of the court, subsequent amendments that seek additional damages accruing because of the passage of time will not defeat the jurisdiction of the court. This case does not fall within the *Flynt* exception. When the suit in *Flynt* was brought originally, the damages requested were within the court's jurisdiction. While the suit was still pending, however, additional note payments became due and interest accrued, together pushing the damages over the county court's jurisdictional limit. Ramsey's damages, on the other hand, were over the county court's jurisdictional limit from the outset because he was having to replace his entire tile floor, not because of the passage of time. Furthermore, unlike the plaintiff in *Flynt,* who originally pled for damages within the county court's jurisdiction, Ramsey never filed a pleading requesting damages within the justice court's jurisdiction. The first pleading he filed requested damages in excess of the justice court's jurisdiction.

Finally, we find no merit in Ramsey's argument that he initially did not expect his claim to exceed $2500, but because of the unavailability of matching tile, he had to sue to replace the entire floor at an increased cost. Ramsey's focus on his own expectations is misplaced. As noted earlier, the purpose of the pleadings is to invoke the jurisdiction of the court. The invocation of jurisdiction occurs not as a result of the intent of the parties, but because of what is contained on the face of the pleadings. Ramsey's original written pleading in this case, by requesting $5000 in damages, showed on its face that it was not within the subject matter jurisdiction of the justice court.

We therefore sustain appellant's first point of error and reverse the judgment of the county court as to Ramsey and dismiss Ramsey's causes of action, because the county court lacked the power to adjudicate his claims. *City of Garland,* 691 S.W.2d at 605; *Kitchen Designs,* 584 S.W.2d at 307.

Color Tile did not specifically appeal the take-nothing judgment rendered against it by the county court on its breach of contract action. We therefore affirm the take-nothing judgment against Color Tile. *Id.*

Because of our disposition of Color Tile's first point of error, it is unnecessary to address Color Tile's remaining points and Ramsey's first cross point, which alleged error by the trial court in admitting photographs during the trial. We shall, however, briefly discuss Ramsey's second cross point.

## RAMSEY'S CROSS POINT FOR SANCTIONS UNDER TEXAS RULE OF APPELLATE PROCEDURE 84

In his second cross point, Ramsey asks this Court to award him sanctions pursuant to Tex.R.App.P. 84. Rule 84 provides that the appellate court may award damages when the appellant takes an appeal for delay and without sufficient cause. However, appellate courts only assess sanctions where an appeal could have been taken only for purposes of delay and where no reasonable hope of reversal exists. *Valenzuela v. St. Paul Ins. Co.*, 878 S.W.2d 667, 671 (Tex.App.—San Antonio 1994, no writ). In determining whether sanctions for delay are appropriate, we view the record from the point of view of the advocate at the time the appeal was taken to determine whether reasonable grounds existed to believe the case should be reversed. *Olmos v. Pecan Grove Mun. Util. Dist.*, 857 S.W.2d 734, 742 (Tex.App.—Houston [14th Dist.] 1993, no writ) (quoting *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex. App.—Corpus Christi 1990, writ denied)). We apply Rule 84 only with prudence, caution, and after careful deliberation. *Francis v. Marshall*, 841 S.W.2d 51, 54 (Tex.App.—Houston [14th Dist.] 1992, no writ).

Appellate courts are reluctant to sanction parties except in truly egregious circumstances. Clearly, sanctions are inappropriate in this case, as we are sustaining Color Tile's point of error and reversing the trial court's judgment. We therefore deny sanctions under Rule 84 and overrule Ramsey's second cross point.

The judgment of the trial court in favor of appellee is REVERSED and his causes of action are ordered DISMISSED. The judgment of the trial court that appellant take nothing is AFFIRMED.