Affirmed as Modified and Memorandum Opinion filed April 20, 2006









Affirmed as Modified and Memorandum Opinion filed April 20,
2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01037-CV

_______________

 

BANG ANTHONY TRAN AND LICH THUY HOANG, Appellants

 

V.

 

EQUIVEST PROPERTIES INC.,
TRUSTEE, Appellee

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 3

Harris County, Texas

Trial Court Cause No. 786,926

                                                                                                                                               


 

M E M O R A N D
U M   O P I N I O N

In this restricted appeal, appellants, Bang Anthony Tran and
Lich Thuy Hoang, appeal from a post-answer default judgment in favor of
appellee, Equivest Properties Inc, in a suit for breach of contract.  In three issues, appellants contend that (1)
they are entitled to a new trial because there is no reporter=s record, (2) the trial court lacked
jurisdiction over Equivest=s claims, and (3) Equivest received a double recovery.  We modify the judgment and affirm as
modified.








I. 
Background

In October 2002, appellants entered into an agreement with
Equivest for the purchase of commercial property located in Harris County,
Texas.  Appellants agreed to purchase the
property for $1.35 million and deposited $15,000 with an escrow agent as
earnest money.  The purchase agreement
provided that appellants could terminate the agreement for any reason within
thirty days of its effective date; however, after the thirty-day period
expired, appellants would accept the property Aas-is.@ 
The purchase agreement also required Equivest to provide appellants with
all previous environmental assessments or studies concerning the property.     

Before closing, but over thirty days after the effective date
of the agreement, an environmental services company hired by appellants= lender conducted a survey of the
property and determined that it contained asbestos.  Appellants notified Equivest of their intent
to terminate the agreement and sought a return of the earnest money.  Appellants also claimed that Equivest failed
to provide appellants with previous environmental assessments concerning the
property.  Appellants filed suit against
Equivest alleging fraud, negligent misrepresentation, and breach of
contract.  Equivest filed a counterclaim
for breach of contract, claiming that appellants breached the agreement to
accept the property Aas-is@ after the thirty-day time period. 

Trial was held on April 26, 2004, but appellants failed to
appear.  The trial court rendered
judgment in favor of Equivest.  As we
will discuss, the judgment is unclear, and the parties disagree regarding the
amount of damages awarded.  Nonetheless,
at most, the trial court awarded Equivest $30,000 plus attorneys= fees, and pre-judgment and
post-judgment interest.  

II. 
Discussion








A party who did not participate in a
trial that resulted in a default judgment may appeal the judgment by a
restricted appeal.  See Tex. R. App. P. 30.  Equivest does not dispute that appellants
meet the requirements for a restricted appeal. 
See id.  The scope of
review in a restricted appeal is the same as that of an ordinary appeal; i.e.,
the entire case.  Norman Commc=ns v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997).  However, error must be apparent from the Aface of the record,@ which consists of all papers on file
in the appeal.  Id.          

A.        Reporter=s Record

In their first issue, appellants contend that they are
entitled to a new trial as a matter of law because there is no reporter=s record.  See Chase Bank of Texas, N.A. v. Harris
County Water Control & Improvement Dist., 36 S.W.3d 654, 656 (Tex. App.CHouston [1st Dist.] 2000, no
pet.).  However, after appellants filed
their brief, the court reporter=s record was filed. 
Therefore, we overrule appellants= first issue.

B.        Jurisdiction 


In their second issue, appellants contend that the judgment
must be vacated because the trial court lacked subject matter jurisdiction over
Equivest=s claims.  Specifically, they contend that Equivest Apleaded itself out of court@ by requesting relief in excess of
the trial court=s jurisdictional limits.

Equivest filed counterclaims against appellants for breach of
contract in a statutory county court.[1]  A statutory county court has jurisdiction in Acivil cases in which the matter in
controversy exceeds $500 but does not exceed $100,000, excluding interest,
statutory or punitive damages and penalties, and attorney=s fees and costs as alleged on the
face of the petition.@  Tex. Gov=t Code Ann. ' 25.0003 (Vernon 2004). 








 Equivest=s live pleading is unclear regarding
the amount of relief sought.  In its
prayer, Equivest requested Aspecial and consequential damages, including loss of value,
loss of use or proceeds of sale, costs of delay, costs of mitigation, costs of
substitute performance, reliance damages and out-of-pocket losses, and
transactional costs.@  Equivest did not
specify a dollar amount for the special and consequential damages.  However, in its background facts, Equivest
alleged that appellants agreed to purchase the property for a price of $1.35
million. 

Also in its prayer, Equivest requested Aan order releasing and awarding the
$15,000 held in escrow to Equivest.@ 
Further, although Equivest alleged that the breach of contract Acaused [Equivest] damages in excess
of the jurisdictional limits of this Court,@ Equivest also alleged that Athe amount in controversy is within
the jurisdictional limits of this Court.@ 
In addition, Equivest included a sentence stating it Aaffirmatively pleads that it seek
(sic) monetary [relief] within the jurisdictional limits of this Court.@ 


AIn any doubtful case all intendments
of the plaintiff=s pleading will be in favor of the jurisdiction.@ 
Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989)
(quoting Dwyer v. Bassett & Bassett, 63 Tex. 274, 276 (1885)).  Here, Equivest=s pleadings were ambiguous.  It was not clear whether Equivest was seeking
only the $15,000 escrow amount as liquidated damages or additional
damages.  Moreover, although Equivest
suggested that it sustained damages in excess of the jurisdictional limits of
the court, it appeared to request recovery only of the damages that did not
exceed the court=s jurisdictional limits. 
Unless a plaintiff=s original and amended pleadings affirmatively show that the
court lacks jurisdiction, the court should construe the pleadings liberally in
favor of jurisdiction and retain the case. 
Cont=l Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996); Peek,
779 S.W.2d at 804.  








Further, in the absence of special exceptions or other
objection, a plaintiff may proceed to trial despite defects in its
pleadings.  Peek, 779 S.W.2d at
805.  If jurisdiction is established at
trial, a plaintiff may recover even when jurisdiction is not clear from the
pleadings.  See id. at 804B05. 
At trial, Equivest requested the $15,000 held in escrow as liquidated
damages.  The trial court awarded
Equivest at most $30,000 plus interest and attorneys= fees, an amount within its
jurisdictional limits.   Because
appellants did not file a special exception or other motion, we hold they have
waived their right to complain of defects in Equivest=s pleadings.  See id. at 805 (holding that absent
special exceptions or other motion, a defendant waives the right to complain of
pleading defects related to jurisdiction when the plaintiff establishes the
court=s jurisdiction before resting its
case).

Accordingly, appellants= second issue is overruled.

C.        Double Recovery

In their third issue, appellants contend that Equivest
received a double recovery.  The trial
court=s final judgment included a numbered
list of damages awarded in favor of Equivest. 
The list included liquidated damages in the amount of $15,000, attorney=s fees, and pre-judgment and
post-judgment interest.  The paragraph
following the numbered list of damages specified that Equivest Ashall receive the $15,000 deposited
as earnest money.@ 

Appellants claim that the trial court=s judgment awarded Equivest the
$15,000 in escrow and $15,000 in liquidated damages.   In contrast, Equivest argues the trial court
did not award a total of $30,000 in damages, but awarded Equivest the relief it
requestedC $15,000 in escrow as liquidated
damages. 

The trial court=s order is subject to two different
interpretations.  However, both parties
concede the sales agreement provided that Equivest would receive the earnest
money as liquidated damages in the event of a breach, and a judgment awarding
Equivest a total of $30,000 would be incorrect. 
Therefore, we modify the judgment to clarify that Equivest is entitled
to the $15,000 in earnest money as liquidated damages, and we affirm the
judgment as modified.

 








 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed April 20, 2006.

Panel consists of
Justices Hudson, Frost, and Seymore.

 

 

 











[1]  Counterclaims
must independently comport with a trial court=s
jurisdiction.  Color Tile, Inc. v.
Ramsey, 905 S.W.2d 620, 623 (Tex. App.CHouston
[14th Dist.] 1995, no writ).