

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00255-CV

**RAYMOND THIBODEAU,**

**Appellant**

**v.**

**DODEKA, LLC,**

**Appellee**

_____

**From the 413th District Court
Johnson County, Texas
Trial Court No. C201100407**

_____

# O P I N I O N

_____

Raymond Thibodeau appeals the trial court's order granting summary judgment in favor of Dodeka, L.L.C. Because the trial court did not err in granting summary judgment, we affirm.

**BACKGROUND**

Dodeka was assigned Thibodeau's credit card debt and ultimately sued Thibodeau in 2009 in the justice court to collect approximately $9,600 of that debt.

Thibodeau did not file an answer to the suit, and the justice court granted a default judgment in 2010 in favor of Dodeka in the amount of $9,604.32. Thibodeau did not appeal. However, in 2011, Thibodeau sued Dodeka in district court seeking, among other things, a declaratory judgment that the 2010 justice court judgment was void because the amount of the debt owned by Dodeka exceeded the jurisdictional limits of the justice court.

Dodeka filed a motion for summary judgment and then an amended motion for summary judgment contending Thibodeau's suit was an impermissible collateral attack on the justice court judgment; Thibodeau lacked standing to bring his suit because he suffered no damages; and Thibodeau's petition failed to state a claim on which relief could be granted. The trial court granted summary judgment in favor of Dodeka, without stating the grounds upon which it relied, and dismissed Thibodeau's claims with prejudice.

SUMMARY JUDGMENT

On appeal, Thibodeau argues the trial court erred in granting summary judgment on any ground alleged by Dodeka.

Under the traditional summary judgment standard, the movant has the burden to show that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985); *Lotito v. Knife River Corporation-South*, 391 S.W.3d 226, 227 (Tex.

App.—Waco 2012, no pet.). If the order granting the summary judgment does not specify the grounds upon which judgment was rendered, we must affirm the summary judgment if any of the grounds in the summary judgment motion is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000); *Lotito*, 391 S.W.3d at 227. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact which precludes the summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Talford v. Columbia Med. Ctr. at Lancaster Subsidiary, L.P.*, 198 S.W.3d 462, 464 (Tex. App.—Dallas 2006, no pet.).

### Collateral Attack

Dodeka argued in its amended motion for summary judgment that Thibodeau's suit in district court was an impermissible collateral attack on the justice court judgment and should be dismissed. Thibodeau's suit is clearly a collateral attack of the justice court default judgment. Thibodeau contends, however, that the collateral attack is permissible because the justice court judgment is void. Specifically, he contends the amount in controversy pled by Dodeka exceeded the justice court's jurisdiction.

A collateral attack does not attempt to secure the rendition of a single, correct judgment in place of a former one, but, instead, seeks to avoid the effect of a judgment through a proceeding brought for some other purpose. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005); *Employers Casualty Co. v. Block*, 744 S.W.2d 940, 943 (Tex.

1988); *Austin Independent School Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973); *Gainous v. Gainous*, 219 S.W.3d 97, 105 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Thus, to prevail in a collateral attack, a party to the original judgment must show that the complained-of judgment is void, not simply voidable. *Gainous*, 219 S.W.3d at 105. A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010) (quoting *Browning*, 165 S.W.3d at 346); *Austin Independent School Dist. v. Sierra Club*, 495 S.W.2d 878, 881-882 (Tex. 1973). All other errors render the judgment merely voidable, and such errors must be corrected on direct attack. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). If the challenged judgment is only voidable, as opposed to void, the collateral attack fails. *See Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009); *Gainous*, 219 S.W.3d at 105.

When attacked collaterally, a judgment is presumed valid. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012); *Stewart v. USA Custom Paint & Body Shop, Inc.*, 870 S.W.2d 18, 20 (Tex. 1994). But that presumption disappears when the record establishes a jurisdictional defect. *PNS Stores, Inc.*, 379 S.W.3d at 273; *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (holding that "[t]he presumption supporting judgments does not apply when the record affirmatively reveals a jurisdictional defect"); *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944). Accordingly, although we presume Dodeka's

default judgment is valid, we may look beyond the face of the judgment to determine whether the record affirmatively demonstrates that the trial court lacked jurisdiction. The record affirmatively demonstrates a jurisdictional defect sufficient to void a judgment when it either: (1) establishes that the trial court lacked subject matter jurisdiction over the suit; or (2) exposes such personal jurisdictional deficiencies as to violate due process. *PNS Stores, Inc.*, 379 S.W.3d at 273.

*Justice Court Judgment*

The justice court has original jurisdiction of civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000 exclusive of interest. TEX. GOV'T CODE ANN. § 27.031(a)(1) (West Supp. 2013). The amount in controversy is "determined by the amount the plaintiff seeks to recover," as set out by the plaintiff's demand for damages in his petition. *United Servs. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 402 (Tex. 2007); *Hoffman v. Cleburne Bldg. & Loan Ass'n*, 22 S.W. 154, 155 (Tex. 1893).

The only "record" from the justice court proceeding presented to the trial court was the default judgment and Dodeka's original petition. The default judgment appears valid on its face because the amount awarded to Dodeka, $9,604.32, was within the jurisdictional limits of the justice court. Thibodeau contends, however, that Dodeka's original petition in the justice court establishes the justice court had no subject

matter jurisdiction because the amount in controversy exceeded the court's jurisdictional limits.

Dodeka's petition included a claim for breach of contract, the amount of damages for which was within the jurisdictional limits of the justice court. In the prayer of the petition, Dodeka prayed for damages in an amount within the jurisdiction of the justice court. But, Thibodeau argues, because Dodeka's petition included a second claim which alleged damages exceeding the justice court's jurisdiction, the justice court had no jurisdiction to enter the judgment. We disagree with Thibodeau.

While it is true that Dodeka included a second claim, alleging quantum meruit, in its petition which alleged the reasonable value of the services provided to Thibodeau amounted to $14,907.32, this second claim does not establish that the trial court lacked subject matter jurisdiction over the suit. First, the quantum meruit claim was alleged to be in the alternative of the breach of contract claim. Each claim alleged must be considered separately in determining the amount in controversy, especially when the total amount of damages alleged is within the court's jurisdiction. *See Houston Ice & Brewing Co. v. Edgewood Distilling Co.*, 63 S.W. 1075, 1076 (Tex. Civ. App.—Galveston 1901, no writ) ("While the complaint filed in the justice's court does not state the counts in the alternative, yet the entry on the docket and the citation show that suit was only for $141.50, and was within the jurisdiction of the justice's court."). Second, the claim which is over the jurisdictional limit does not invalidate the entire suit. In 1900, at a

time when the justice court's jurisdiction was $200, in an opinion on a motion for rehearing, the Dallas Court of Civil Appeals held in a similar situation involving alternate claims made in a counterclaim:

> We are of the opinion now, as when this case was affirmed, that the county court had no jurisdiction of the case made by the alternative plea which contained the item of $115 [which caused the alternative claim to total $200.10], but we think that it did have jurisdiction of the case made by the other pleadings of Rylie. The court below should have refused to consider the case as made by the plea which embraced the item of $115, but the remainder of Rylie's pleadings set up a cause of action within the jurisdiction of the court, and the issues raised thereby should have been heard and determined.

*Rylie v. Elam*, 58 S.W. 51, 52 (Tex. Civ. App.—Dallas 1900, no writ) (bracketed phrase added), *overruled on other grounds*, *Rylie v. Elam*, 79 S.W. 326 (Tex. Civ. App.—Dallas 1904, no writ). The Dallas court concluded that the county court had erred by striking the entire counterclaim and held that the county court should have decided the claim within its jurisdiction and dismiss only the claim over which it did not have jurisdiction, that being the one which included the $115 item.[1] The same reasoning applies in this case.

The trial court in this case could properly proceed on the claim within its jurisdiction and ignore or dismiss the alternative claim which exceeded its jurisdictional limit. Thus, the record does not affirmatively show a lack of jurisdiction, and

---

[1] An appeal from a justice court decision is de novo to the county court which is limited to the same jurisdictional amount in controversy as what the justice court had. *See* TEX. R. CIV. P. 506.3; *Standard Inv. Co. v. Dowdy*, 122 S.W.2d 1107, 1109 (Tex. Civ. App.—Dallas 1938, writ dism'd w.o.j.)

Thibodeau's collateral attack fails.[2]  The trial court did not err in granting summary judgment on that ground.

*Affidavit*

Thibodeau also argues in his sole issue that the trial court erred in failing to grant Thibodeau's objections to an affidavit by Courtney Dodd attached to Dodeka's amended motion for summary judgment.  Thibodeau's objections, the primary complaint being that Dodd's affidavit was not made with personal knowledge, were objections as to the form of the affidavit.  *See Wolfe v. Devon Energy Prod. Co.*, 382 S.W.3d 434, 452 (Tex. App.—Waco 2012, pet. denied).  Because Thibodeau failed to secure a ruling on the record on those objections at or before the time the trial court rendered its order granting summary judgment, he has not preserved his complaint as to those objections for review.  *McFarland v. Citibank, N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Choctaw Props., L.L.C. v. Aledo I.S.D.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.); *Allen v. Albin*, 97 S.W.3d 655, 663 (Tex. App.—Waco 2002, no pet.).

Thibodeau also contends that portions of the Dodd affidavit are conclusory.  Complaints about the substance of a summary judgment affidavit, such as the affidavit being conclusory, can be raised for the first time on appeal.  *Choctaw Props., L.L.C.*, 127

---

[2] Thibodeau also submitted extrinsic evidence, such as deposition testimony in this suit, to show the justice court lacked jurisdiction.  But, because extrinsic evidence may not be used to establish a lack of jurisdiction, we do not consider it.  *Holloway v. Starnes*, 840 S.W.2d 14, 18 (Tex. App.—Dallas 1992, writ denied).

S.W.3d at 241-242. Thibodeau contends the statement by Dodd that "[a] copy of the default judgment that the Justice Court entered against Thibodeau on February 4, 2010, is attached as Exhibit D" is conclusory because, although a copy of the judgment was attached to the affidavit, it was not a separately certified or sworn copy.

Rule 166a(f) provides that sworn to or certified copies of all papers referred to in an affidavit shall be attached to the affidavit. TEX. R. CIV. P. 166a(f). Assuming that Thibodeau's objection is actually an objection as to the substance of the affidavit rather than an objection as to its form, a decision we expressly do not make, we find that the copy of the attached judgment was "sworn to." Dodd stated in her affidavit that the information in the affidavit was "true and correct." Further, the affidavit was sworn to before a notary, and a copy of the default judgment was attached to the affidavit. Copies of documents which are attached to a properly prepared affidavit are sworn copies within the meaning of the summary judgment rule. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986). Any objections Thibodeau had to the form of the affidavit were not preserved; thus, the copy of the default judgment, being attached to the affidavit, was properly sworn.

Because we have decided that the trial court did not err in granting summary judgment on the ground that Thibodeau's suit was an improper collateral attack on the justice court's default judgment, we need not decide the remainder of Thibodeau's objections to the substance of the Dodd affidavit.

**CONCLUSION**

Thibodeau's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed March 27, 2014
[CV06]