**Reversed and Dismissed, and Memorandum Opinion filed October 18, 2018.**



**In the**

# Fourteenth Court of Appeals

---

**NO. 14-17-00738-CV**

---

**ASHLEY ALLEN, Appellant**

**v.**

**GOODWILL INDUSTRIES OF HOUSTON, INC., AND ROBIN DAVIS,
Appellees**

---

**On Appeal from the County Civil Ct. at Law No. 3
Harris County, Texas
Trial Court Cause No. 1090702**

---

## M E M O R A N D U M   O P I N I O N

Appellant Ashley Allen filed Title VII discrimination claims against appellee Goodwill Industries of Houston, Inc., and its district manager, appellee Robin Davis, in justice court. After the justice court dismissed her case, Allen appealed to the county court at law. The county court dismissed Allen's claim against Davis and granted Goodwill's motion for traditional and no-evidence summary judgment. In three issues, Allen challenges the county court's final judgment and order granting

Goodwill's traditional and no-evidence motion for summary judgment. We conclude that the county court lacked subject-matter jurisdiction over Allen's claims. Therefore, we reverse the county court's judgment and order Allen's causes of action dismissed for want of jurisdiction.

## I. BACKGROUND

In October 2015, Allen was hired as a "3rd Key" by Goodwill. In February 2016, Allen was promoted to "Store Assistant Manager." Davis was employed as the "East District Manager" at Goodwill. On April 4, 2016, Allen "improperly discounted (underpriced) a desk and chair that had only been on sale for one week from $199.99 to $149.99 and sold it to a friend or relative." On April 8, 2016, Allen was terminated for cause for violating Goodwill's anti-theft policy.

In July 2016, Allen filed a small claims petition against Goodwill and Davis in justice court, alleging "violation of Title VII of the Civil Rights Act of 1964"— "[d]iscrimination base[d] on race and gender." Allen sought $10,000 and court costs. Goodwill and Davis answered Allen's suit. They filed a plea to the jurisdiction and motion to dismiss for lack of subject-matter jurisdiction. The justice court granted the plea and motion and, on February 28, 2017, signed an order dismissing Allen's action without prejudice to re-filing.

Allen timely filed her appeal in county court. *See* Tex. R. Civ. P. 506.1. Goodwill and Davis each answered. Davis filed a rule 91a motion to dismiss, asserting that Davis could not be individually liable for a Title VII violation because she was not an "employer." On May 15, 2017, the county court signed an order granting Davis's motion to dismiss.

Goodwill filed a traditional and no-evidence motion for summary judgment.[1]

---

[1] To its motion, Goodwill attached: (1) an affidavit by Davis; (2) Allen's acknowledgement

Goodwill argued: (1) there was no prima facie evidence of discrimination; (2) Goodwill "conclusively established" a legitimate, nondiscriminatory reason for terminating Allen; (3) Allen could not proffer any evidence to disprove that Goodwill's basis for terminating her was really a pretext to discriminate; and (4) Goodwill "conclusively negated" pretext.

Allen filed her "First Amendment to Original Petition," amending her petition "to include retaliation." Allen also filed a response (first response) to Goodwill's motion for summary judgment. Goodwill filed a reply, including objections to all Allen's proffered evidence attached to the first response because it was not authenticated and constituted hearsay. In its reply, Goodwill addressed Allen's retaliation claim and argued there was no evidence that she engaged in a protected activity or that "but for" the alleged complaint she would not have been fired. Goodwill also asserted that Allen failed to specify the type of discrimination of which she allegedly complained.

Allen filed two additional summary-judgment responses (second and third responses). Goodwill filed objections to and a request to strike Allen's third response and exhibits because they were untimely and, except for one affidavit, not authenticated.

Allen filed an "Amendment to Original Petition to Include Loss [sic] Wages, Compensatory, and Punitive Damages." In this (second) amendment of her original petition, Allen sought recovery of "the monetary amount" of $92,160 on her claims

of receipt of the employee handbook, signed October 16, 2015; (3) section 2.14 of the employee handbook, entitled "Anti-Theft Policy"; (4) Allen's acknowledgement of Goodwill's "Stores Procedures" signed October 16, 2015; (5) an excerpt from Goodwill's "Retail Standard Operating Procedures" Manual, "Backroom Operations" section, section 300, entitled "Rotation," with "2017 Weekly Color Code Chart"; (6) a sales receipt dated April 4, 2016; (7) a $199.99 furniture sales tag dated March 29, 2016, and a "SOLD" tag; and (8) details from Goodwill's employee system concerning Allen's employment history and termination.

against Goodwill and Davis.

On July 10, 2017, the county court granted Goodwill's traditional and no-evidence motion for summary judgment and signed its final judgment and order granting Goodwill's traditional and no-evidence motion for summary judgment. Within this order, the county court also ordered that the dismissal of Davis was "made final." Allen timely appealed.

## II.    SUBJECT-MATTER JURISDICTION

As a threshold matter, we consider whether the county court had subject-matter jurisdiction over Allen's claims. Subject-matter jurisdiction is a legal question that we review de novo. *See Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). Subject-matter jurisdiction cannot be waived and may be raised for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

Goodwill and Davis first argue that the amount in controversy of Allen's claims exceeded the justice court's and therefore the county court's jurisdictional limits. We agree.[2]

### A. *Color Tile, Inc. v. Ramsey*

*Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620 (Tex. App.—Houston [14th Dist.] 1995, no writ), governs our analysis. In *Color Tile*, plaintiff tile installer Color Tile filed an original petition in justice court seeking about $2,000 for the balance owed by defendant homeowner Ramsey for tile installation work. *Id.* at 621. Ramsey

---

[2] Because this argument is dispositive, we need not reach Goodwill's and Davis's other jurisdictional argument concerning Allen's inability to amend her petition to add retaliation claims in the county court. *See* Tex. R. App. P. 47.1.

counterclaimed for breach of warranty and misrepresentation. *Id.* Color Tile obtained a judgment for $1,179.50 in justice court. *Id.*

Ramsey appealed to county court and amended his counterclaim to assert breach of contract, DTPA violations, fraud, and breach of warranty. *Id.* Ramsey, restyled the plaintiff in county court, pleaded damages of $5,000 for the contract breach, or alternatively for DTPA damages including triple damages, or alternatively for fraud damages. *Id.* at 621–22. The jury awarded Ramsey $7,756.94 in damages for breach of warranty. *Id.* at 622. Because the jury found that Color Tile breached the warranty knowingly, the jury found that Ramsey was entitled to $1,000 in additional damages. *Id.* They jury also awarded Ramsey $20,000 in attorney's fees, plus attorney's fees for appeals. *Id.* The jury awarded Color Tile no damages on its contract action. *Id.*

On appeal, Color Tile argued that the county court lacked subject-matter jurisdiction over Ramsey's claims because the amount in controversy exceeded the jurisdictional limits of the justice court where the suit was originally filed, which at the time was $2,500. *Id.* ("As creatures of statute, justice courts are governed by a legislative grant of jurisdiction."); Act of May 27, 1987, 70th Leg., R.S., ch. 745, § 2, 1987 Tex. Gen. Laws 2672, 2672 (amended 1991, 2007, 2009, 2017) (current version at Tex. Gov't Code § 27.031).

We explained that an appeal from a justice court judgment is tried de novo in the county court. *Color Tile*, 905 S.W.2d at 622; *see* Tex. R. Civ. P. 506.3. "However, the appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over the appeal unless the justice court had jurisdiction." *Color Tile*, 905 S.W.2d at 622 (citing *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ)). "[A] trial court has no jurisdiction to hear a claim brought by either

a plaintiff or a defendant that is not within its subject matter jurisdiction." *Id.* at 623. "If a trial court lacks subject matter jurisdiction, the appellate court must reverse the judgment of the trial court, and dismiss the cause of action entirely." *Id.* at 622 (citing *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985)).

"The invocation of jurisdiction occurs not as a result of the intent of the parties, but because of what is contained on the face of the pleadings." *Id.* at 623. Ramsey's request for $5,000 in damages "showed on its face that it was not within the subject matter jurisdiction of the justice court." *Id.* We therefore concluded that Ramsey "pleaded himself out of court" when he amended his counterclaim on appeal in the county court and demanded relief clearly in excess of the jurisdictional limits of the justice court. *Id.* Accordingly, we reversed the judgment in favor of Ramsey and ordered his causes of action dismissed. *Id.* at 623, 624.

## B. Applying *Color Tile*

Here, the jurisdictional limit of the justice court at the time Allen filed her suit was $10,000. *See* Tex. Gov't Code Ann. § 27.031(a)(1) (West Supp. 2017) ("[T]he justice court has original jurisdiction of: . . . civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $10,000, exclusive of interest."). The record reflects that the amount in controversy in Allen's original petition filed in justice court was $10,000.

However, like Ramsey in *Color Tile*, Allen subsequently amended her original petition on appeal in the county court. *See* 905 S.W.2d at 621–22. In her (second) amendment to original petition to include lost wages, compensatory, and punitive damages, Allen requested "monetary recovery" on her claims against Goodwill and Davis "in the amount of $92,160." "[A]n amended petition supersedes and completely replaces all previous pleadings, rendering the previous pleadings

6

ineffective." *Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 508 (Tex. App.—Houston [14th Dist.] 1995, no writ); *see Fawcett v. Grosu*, 498 S.W.3d 650, 659 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (citing Tex. R. Civ. P. 65). Allen's (second) amendment was her operative pleading at the time the summary-judgment motion was submitted to the county court.[3] The amount in controversy is ordinarily determined by looking solely at the allegations in the petition. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000). Like Ramsey's amended counterclaim in *Color Tile*, Allen's (second) amended petition, by requesting $92,160 in damages, "showed on its face that it was not within the subject matter jurisdiction of the justice court."[4] *See* 905 S.W.2d at 623.

We therefore conclude that Allen "pleaded herself out of court" when she amended her claims to demand relief clearly in excess of the jurisdictional limits of the justice court. *See id.*; *see also Adedipe v. Guardian Transfer & Storage, Inc.*, No. 14-10-00752-CV, 2011 WL 61862, at *1 (Tex. App.—Houston [14th Dist.] Jan. 6, 2011, no pet.) (mem. op.) (per curiam) ("When appellant amended his suit and alleged damages in excess of the jurisdictional limit prescribed for the justice court, he removed the case from the jurisdiction of the county court at law. . . . The county court at law lacked subject matter jurisdiction because the justice court did not have jurisdiction over the allegations in appellant's amended petition in which he claimed $25,000 in damages.").

---

[3] Allen filed her (second) amendment to her original petition on June 28, 2017. In its final judgment and order granting summary judgment, the county court stated that Goodwill's summary-judgment motion was submitted on July 7, 2017.

[4] Goodwill and Davis point out that even if the "formula" for damages as alleged in Allen's (second) amendment (amount of lost salary from the time of her termination, multiplied by three "for compensatory and punitive damages") were calculated as of at the time she filed her original petition on July 20, 2016, the amount in controversy still would be more than double the jurisdictional limits of justice court: 14 weeks of pay at $480/week * 3 = $20,160.

Allen does not address this court's controlling authority.  Rather, she asserts her understanding that the term "trial de novo" means "new trial."  According to Allen, because she had a "new case" in the county court, "the matter of jurisdiction now is bound by" the county court "laws and rules," which provide for jurisdiction over higher amounts in controversy.[5]  As noted above, however, the appellate jurisdiction of a county court at law is limited to the jurisdiction of the justice court.  *See Adedipe*, 2011 WL 61862, at *1; *Color Tile*, 905 S.W.2d at 622.  "Therefore, it is irrelevant that the county court at law has original jurisdiction over cases involving a greater amount in controversy."  *Garza v. Chavarria*, 155 S.W.3d 252, 258 (Tex. App.—El Paso 2004, no pet.).  We overrule this argument.

Allen next takes issue with allegedly conflicting arguments made by Goodwill and Davis.  According to Allen, in the justice court Goodwill and Davis "argued that [the] case should be dismissed because A[llen] was not asking for enough money" and now on appeal they "claim that County/District Court did not have subject matter jurisdiction because A[llen] was asking for too much money."  Texas courts hold that "a party cannot vest the trial court with subject-matter jurisdiction over the claims in a lawsuit," nor can it waive subject-matter jurisdiction.  *Tex. Ass'n of Bus.*, 852 S.W.2d at 445; *Sorrow v. Harris Cty.*, No. 14-15-00571-CV, 2016 WL 4445037, at *3 (Tex. App.—Houston [14th Dist.] Aug. 23, 2016, pet. denied) (mem. op.).  Allen has not cited, nor have we located, any authority to the contrary.  We also overrule this argument.

---

[5] *See* Tex. Gov't Code Ann. § 25.0003(c)(1) (West Supp. 2017) ("[A] statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in: (1) civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition.").

### III.  CONCLUSION

Accordingly, we reverse the county court's judgment, and we order Allen's causes of action dismissed for want of jurisdiction.  *See Garcia*, 155 S.W.3d at 258; *Color Tile*, 905 S.W.2d at 622, 624.


/s/    Marc W. Brown
        Justice


Panel consists of Justices Busby, Brown, and Jewell.