**Vacated and Dismissed and Memorandum Opinion filed March 3, 2020.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-18-00333-CV

**BILLY JEROME ABBOTT, JR., Appellant**

**V.**

**HEARTHWOOD I ASSOCIATION INC., Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1090533**

### MEMORANDUM OPINION

Appellant Billy Jerome Abbott, Jr. attempts to appeal the judgment of the county court at law on appeal de novo from the justice court. Because the county court at law lacked jurisdiction over Abbott's appeal, we vacate the county court at law's judgment and dismiss the case for lack of jurisdiction.

Abbott filed a petition in the Justice Court of Harris County alleging that his property had been damaged by water leaking from a unit above his condominium

unit. Abbott sought more than $23,000 in damages plus attorney's fees from the owners of the condominium unit and the homeowners' association, appellee Hearthwood I Association. Because the damages sought by Abbott were greater than the jurisdictional limits of the justice court, the court dismissed Abbott's case for lack of jurisdiction. *See* Tex. Gov't Code Ann. § 27.031 (justice court jurisdiction is limited to case in which the amount in controversy is not more than $10,000).

Abbott filed a notice of appeal to the county court at law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.001 (permitting a party to a final judgment in justice court to appeal to the county court at law). The county court at law held a trial do novo and rendered judgment that Abbott take nothing and Hearthwood recover attorney's fees and costs associated with defending itself.

Abbott filed a notice of appeal of the county court at law's judgment in this court. In two issues on appeal Abbott contends the county court at law erred in (1) awarding attorney's fees as sanctions and (2) finding that Abbott's lawsuit was filed in bad faith. We do not address Abbott's issues because we lack jurisdiction over this appeal.

Subject-matter jurisdiction is "essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A court acting without such power commits fundamental error that we may review for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Not only may a reviewing court assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation to ascertain that subject-matter jurisdiction exists regardless of whether the parties have questioned it. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *see also Nunu v. Risk*, 567 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) ("An

appellate court must determine de novo whether it has jurisdiction over an appeal, even if it must do so sua sponte."). Because subject-matter jurisdiction is a question of law, our review is de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). If a trial court lacked subject-matter jurisdiction, then an appellate court has jurisdiction only to set the judgment aside and dismiss the appeal. *See Texas Dept. of Pub. Safety v. Styron*, 226 S.W.3d 576, 579 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The county court at law lacked jurisdiction on appeal de novo unless the justice court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373, 375 (Tex. App.—Houston [14th Dist.] 1993, no writ). Here, the justice court lacked jurisdiction over this action because the amount in controversy exceeded the jurisdictional limits of the court. *See* Tex. Gov't Code Ann. § 27.031. The justice court dismissed Abbott's suit because it lacked jurisdiction.

The appellate jurisdiction of the county court at law is confined to the jurisdictional limits of the justice court. *Stroman v. Martinez*, No. 14-13-01143-CV, 2015 WL 2090497, at *2 (Tex. App.—Houston [14th Dist.] May 5, 2015, no pet.) (mem. op.); *see also Color Tile, Inc. v. Ramsey*, 905 S.W.2d 620, 622 (Tex. App.—Houston [14th Dist.] 1995, no writ). (appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over the appeal unless the justice court had jurisdiction). Because the county court at law did not acquire subject-matter jurisdiction, this court cannot entertain jurisdiction over the subsequent appeal. *See Pecos & N.T. Ry. Co. v. Canyon Coal Co.*, 119 S.W. 294, 295 (Tex. 1909).

On November 26, 2019, notification was transmitted to all parties of the court's intention to dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P.

42.3(a). On December 8, 2019, Abbott filed a response to the court's dismissal notice in which he argues that the county court at law had jurisdiction over his appeal from justice court because the appeal to the county court at law is de novo. Citing Texas Rule of Civil Procedure 506.3 Abbott contends that even though the justice court lacked jurisdiction, the county court at law acquired jurisdiction because it was authorized to hear a trial de novo. Rule 506.3 provides that on appeal from the justice court, "The case must be tried de novo in the county court. A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." Tex. R. Civ. P. 506.3.

An appeal from a justice court judgment is tried de novo in the county or district court. Tex. R. Civ. P. 506.3. However, the appellate jurisdiction of the county court at law is confined to the jurisdictional limits of the justice court, and the county court at law has no jurisdiction over the appeal unless the justice court had jurisdiction. *Ramsey*, 905 S.W.2d at 622. Rule 506.3, by mandating a trial de novo, does not create jurisdiction when it was lacking in the justice court. *See Thibodeau v. Dodeka, LLC*, 436 S.W.3d 23, 27 n. 1 (Tex. App.—Waco 2014, pet. denied) ("An appeal from a justice court decision is de novo to the county court which is limited to the same jurisdictional amount in controversy as what the justice court had."). While an appeal from the justice court is by trial de novo in the county court at law, in this case, the county court of law never acquired subject-matter jurisdiction because the justice court lacked jurisdiction.

Hearthwood also responded to this court's notice of dismissal. Hearthwood argues that while the county court at law lacked jurisdiction over Abbott's appeal, the court had jurisdiction over Hearthwood's counterclaim for attorney's fees because the counterclaim fell within the jurisdictional limits of the justice court. The record before this court does not contain a counterclaim filed by Hearthwood in the

4

justice court. The record contains an original answer filed by Hearthwood in the county court at law but not in the justice court. In the answer filed in the county court at law Hearthwood requested "reasonable and necessary attorney's fees and costs incurred in its defense." In determining parties' entitlement to attorney's fees, Texas courts follow the American Rule, which provides that litigants may recover attorney's fees only if a statute or contract specifically provides for such a recovery. *See Epps v. Fowler,* 351 S.W.3d 862, 865 (Tex. 2011). In Hearthwood's answer in the county court at law Hearthwood cites no statute or contract under which it may recover attorney's fees.

Hearthwood filed a counterclaim in justice court on July 30, 2015. In that original counterclaim Hearthwood sought attorney's fees under Chapter 10 of the Civil Practice and Remedies Code as a sanction for Abbott's allegedly frivolous pleading. The record reflects, however, that Abbott's petition in this cause was originally filed in justice court on March 9, 2017, almost two years after Hearthwood's counterclaim was filed. The record further reflects that the proceeding in which the 2015 counterclaim was filed was dismissed in January 2017. Therefore, the record contains no counterclaim for attorney's fees filed by Hearthwood in the justice court.

Because Hearthwood had no live pleading for a counterclaim for attorney's fees in the justice court, the county court at law did not acquire jurisdiction over Hearthwood's counterclaim. *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 435 (Tex. App.—Houston [1st Dist.] 2007, no pet.) ("When a county court acquires only appellate jurisdiction in a given suit, it may not, absent authorization by statute or rule, determine any matter acquired by virtue of its original jurisdiction in that same suit.").

5

If a trial court lacked subject-matter jurisdiction, as here, an appellate court only has jurisdiction to vacate the trial court's judgment and dismiss the case. Tex. R. App. P. 43.2(e). Therefore, we vacate the county court at law's judgment and dismiss the case.

/s/    Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.