**Mary T. WREN and Loraine Jackson, Appellants,**

v.

**TEXAS EMPLOYMENT COMMISSION, Appellee.**

No. 14–94–00230–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 22, 1995.

Rehearing Overruled Aug. 24, 1995.

Appeal from 80th District Court, Harris County; Link Scott, Judge.

Woodrow Miller, Houston, for appellants.

Anthony Aterno, Austin, for appellee.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a judgment dismissing appellants' case for want of jurisdiction. Appellants, Mary Wren and Loraine Jackson, sought judicial review of the Texas Employment Commission's (TEC's) denial of unemployment compensation benefits. In eleven points of error, appellants assert that the trial court abused its discretion in dismissing this suit and not allowing appellants to

amend their petition, and Art. 5221b of the Labor Code is unconstitutional.

Each appellant was denied unemployment compensation benefits for failing to make a reasonable effort to protect their positions while absent due to illness. Wren was a medical assistant for Dr. Engler. Wren gave birth on August 1, 1991. She took approximately two and a half months off. When she finally sought to return to work, she was informed that her position had been filled by someone else. Jackson left work due to pregnancy. Approximately three months later, she returned to work. Jackson wanted to work part-time, and her employer, Westheimer Florist, wanted her to work full-time as she had done previously. She was fired after working sporadically for three months. Appellants argued that the trauma of child birth caused them to behave in an irrational manner inconsistent with holding on to their jobs during maternity leave and upon return to work. The TEC found that appellants left their last employment voluntarily and without good cause connected to their work, and denied unemployment benefits to both appellants.

The appeal tribunal affirmed TEC's decision, and the Commission affirmed the decision of the Appeal Tribunal. Wren then appealed to the district court. Plaintiff's second amended original petition added Jackson to the appeal, and dropped her former employer, Dr. Engler, from the petition. Jackson's former employer, Westheimer Florist, was never included in the petition as a defendant. Both Dr. Engler and Westheimer Florist were parties to the administrative process.

■ In their first three points of error, appellants complain that the trial court abused its discretion by dismissing this suit and not allowing them to amend their petition to include their employers as party defendants. It is a long held rule that the State may not be sued without its consent. *See State v. Isbell,* 94 S.W.2d 423 (Tex.Com. App.1936). Here, appellants' authority to sue the State was sought solely from Tex.

Rev.Civ.Stat.Ann. art. 5221b–4(i) (Vernon 1964).[1] Thus, in this action the trial court derives its jurisdiction to try the issues wholly and solely by statutory enactment. *Texas Employment Commission v. Daniel,* 241 S.W.2d 969, 971 (Tex.App.—Texarkana 1951, no writ). The statute provides:

*Within ten (10) days after the decision of the Commission has become final,* and not before, any party aggrieved thereby may secure judicial review thereof by commencing an action in any court of competent jurisdiction in the county of claimant's residence against the Commission for the review of its decision, *in which action any other party to the proceeding before the Commission shall be made a defendant* ... [emphasis added].

*Id.* The trial court's jurisdiction does not attach unless the steps proscribed by the statute have been followed. *Texas Employment Commission v. Daniel,* 241 S.W.2d 969, 971 (Tex.App.—Texarkana 1951, no writ). This jurisdictional requirement includes the statutory requirement that, "any other party to the proceeding before the Commission shall be made a defendant." *Id.* Here, appellants' employers were not listed as party defendants, thus jurisdiction in the trial court did not attach.

■ Appellants contend that they properly acquired jurisdiction in Wren's action because her employer was listed as a party defendant in her original petition. They contend that filing a second amended original petition which did not list Wren's employer as a party defendant had no effect on jurisdiction. We disagree. Dropping a defendant from a pleading serves to nonsuit that defendant. In addition, an amended pleading supersedes and completely replaces all previous pleadings, rendering the previous pleadings ineffective. *See* Tex.R.Civ.P. 64 & 65. We, therefore, can only look at appellant's second amended pleading, which did not list appellants' employers, thus did not invoke jurisdiction.

---

1. This statute was repealed and codified as the Tex.Labor Code Ann. § 212.201 (Vernon Pamp. 1995), effective September 1, 1993.

█ Furthermore, if an employer who was a party to the proceedings before the Commission was not made a defendant within the statutory time limit, the petition may not be amended thereafter to cure the jurisdictional defect. *Olson v. Texas Employment Commission,* 593 S.W.2d 866, 867 (Tex.App.—Corpus Christi 1980, writ ref'd n.r.e.). Because the jurisdictional requirements of the statute were not met, the trial court lacked jurisdiction to grant leave of court to amend their petition and hear the case. Points of error one through three are overruled.

█ In points of error four, five, and six, appellants contend that the trial court cannot dismiss a suit once jurisdiction is properly invoked. Appellants argue that the Texas Constitution does not give the legislature the power to enforce jurisdiction, or remove jurisdiction once it has been properly acquired. Under TEX.R.CIV.P. 65, appellant's amendment nullified all of their prior pleadings. The trial court was bound to proceed upon only the second amended original petition, the last amended petition on file.

Appellants argue that the rules of procedure governing joinder of indispensable parties should apply. We agree. These procedural rules apply, however, all indispensable parties must be joined within the time period and in the manner proscribed by the statute. The rules of procedure are general rules. Statutes are specific, thus where the two conflict, the statute trumps the general procedural rule. Article 5221b–4(i) is clear and unambiguous, thus must be applied and enforced as it reads on its face. It is clear from the pleadings that the trial court lacked jurisdiction to hear the case. Without jurisdiction, the only power the trial court had was to dismiss the suit. Points of error four, five, and six are overruled.

█ In points of error seven through eleven, appellants argue that the suit should not have been dismissed because of several constitutional grounds. In point of error seven, appellants allege the Unemployment Compensation Act, now the Labor Code, violates due process because it prohibits the charging of a fee to any claimant pursuing his remedies under the act, and the legislature failed to enact legislation waiving fees connected with review of the Commissioner's decision. A constitutional challenge not expressly presented to the trial court may be waived if raised for the first time on appeal. If not raised properly in the trial court, a court of appeals may only consider fundamental errors of constitutionality. *Kaye v. Harris County Mun. Util. Dist. Number 9,* 866 S.W.2d 791, 795 (Tex.App.—Houston [14th Dist.] 1993, no writ). A fundamental error is present when the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is asserted in the statutes or Constitution of Texas. *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Appellant did not present this issue to the trial court and it is not a fundamental error, thus it has not been properly preserved for appeal.

█ In their eighth point of error, appellants contend that the jurisdictional nature of article 5521b–4(i), violates the constitution since the legislature does not have the power to establish rules of procedure. However, as previously discussed, the State may not be sued without its consent, and then only in the manner authorized by statute. *See State v. Isbell,* 94 S.W.2d 423 (Tex.Com.App.1936). Through this statute, the legislature merely established the guidelines appellants had to follow in order to sue the State to recover unemployment compensation benefits. The legislature did not establish a "general" rule of civil procedure.

█ Appellants assert in point of error nine that article 5221b–4(i) is an unconstitutionally permissible advisory opinion on a case. They cite *Morrow v. Corbin,* 62 S.W.2d 641 (Tex.1933). They contend *Morrow* stands for the proposition that courts are to exercise the judicial power allocated to them unimpeded by the supervision of any other tribunal, except in so far as powers of revision may be confided to other tribunals. In *Morrow,* the Legislature enacted a law allowing the appellate court to hear constitutional questions to be certified and heard by the appellate court before trial on the merits. In the case before us, the Commission makes a judgment, and the parties are allowed to appeal that final judgment for a trial de novo at the district court. Article 5221b–4(i) does

**510**

not call for an advisory opinion, it merely confides the power of revision in another tribunal.

In their tenth and eleventh points of error, appellants assert that article 5221b–4(i) violates their constitutional right to equal protection and due process. The equal protection clause requires that all persons under like circumstances be given equal protection in the enjoyment of personal rights and the prevention and redress of wrongs. Here there is no suspect class. All persons are treated equally. Anyone who wants to appeal the Commission's denial of unemployment benefits must acquire jurisdiction in the district court according to the guidelines set forth in article 5221b–4(i). The courts are open to appellants on the same conditions as they are open to others; the jurisdictional requirements are the same.

Appellants also assert that this statute violates due process by extinguishing their access to the courts. We do not find this to be the case. The special statutory jurisdictional provisions in article 5221b–4(i) are not unreasonable or arbitrary. The statute merely sets forth the guidelines under which a person may sue the State for unemployment compensation benefits. The State has a compelling interest in setting the guidelines under which the State may be sued. Furthermore, appellants were provided with reasonable guidelines under which they could acquire jurisdiction and sue. Notice of the jurisdictional requirements of this statute was attached to the decision of the Texas Employment Commission affirming the decision of the Appeal Tribunal. Appellants chose to disregard these instructions and file an amended petition which did not list their employers. Appellants were not denied access to the courts; they merely had to follow the reasonable guidelines set forth in the statute in order to sue. The trial court dismissed this case in accordance with the provisions of this statute. Accordingly, points of error seven through eleven are without merit.

We affirm the judgment of the trial court.