Affirmed and Opinion filed November 14, 2002

















Affirmed and
Opinion filed November 14, 2002.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-00056-CV

_______________

 

JUDITH LYNN
JONES, ADMINISTRATRIX WITH WILL ANNEXED OF THE ESTATE OF LARRY GLEN JONES, DECEASED,
Appellant

 

V.

 

AIG LIFE INSURANCE COMPANY, Appellee

________________________________________________________

 

On Appeal from
the Probate
 Court No. One

Harris County, Texas

Trial Court
Cause No. 293,207-401

________________________________________________________

 

O P I N I O
N

            In this appeal from a judgment
dismissing her cause of action, Judith Lynn Jones appeals a judgment in favor
of AIG Life Insurance Company on the ground that the trial court had
jurisdiction over her federal causes of action. 
We affirm.

 








Background

            Appellant’s husband, Larry Glen
Jones, was injured in an automobile accident on October 24, 1994, which was covered by the
terms of a group policy issued to Jones’s employer by AIG Life Insurance
Company.  On September 21, 1995, AIG issued a check to
Jones in the amount of $250,000 as payment of benefits under the policy.  Jones died on December 3, 1995 without having negotiated
the check.

            Following Jones’s death, Judith Lynn
Jones returned the check to AIG and requested a replacement check issued in the
name of the Estate with Mrs. Jones as the administratrix.  Mrs. Jones also requested interest on the
benefits from September
 21, 1995.  AIG issued a
replacement check with a letter addressed to Jones’s lawyer stating that AIG
was not obligated to pay interest on the benefits.  Jones subsequently returned the second check
and filed a lawsuit requesting the $250,000 in benefits, interest and
attorney’s fees pursuant to article 21.55 of the Texas Insurance Code.

            AIG subsequently issued another
check for $250,000, which Jones accepted without prejudice to her claim for
interest and attorney’s fees.  She
amended her petition to acknowledge payment of the benefits and assert her
right to interest and attorney’s fees under section 302.002 of the Texas
Finance Code.  AIG filed a motion for
summary judgment, alleging, inter alia, that the
causes of action brought under State law were preempted by the Employee
Retirement Income Security Act (ERISA). 
In response to AIG’s motion for summary
judgment, Jones amended her petition a second time to include a request for
interest and attorney’s fees under ERISA. 
In her response to AIG’s motion for summary
judgment, Jones admitted that ERISA preempted her claims under the Texas
Insurance Code and the Texas Finance Code.

            In addition to its motion for
summary judgment, AIG filed a motion to dismiss Jones’s claim under ERISA
because the trial court lacked subject matter jurisdiction.  The trial court granted AIG’s
motion for summary judgment on the issue of ERISA preemption and granted AIG’s motion to dismiss. 
In a single issue, Jones claims the trial court erred in granting the
motion to dismiss because state courts have concurrent jurisdiction with
federal courts under ERISA.

 

 

Standard of
Review

            Subject matter jurisdiction is a
legal question, and a plea to the jurisdiction is reviewed under a de novo
standard of review.  Harris County v. Cypress Forest Public Utility Dist. of Harris County,
50 S.W.3d 551, 553 (Tex. App.—Houston [14th Dist.] 2001, no pet.).  In deciding a plea to the jurisdiction, a
court may not weigh the merits of the claim, but must consider only the
plaintiff’s pleadings and the evidence pertinent to the jurisdictional
inquiry.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex.
2002).  When we consider a trial court’s
order on a plea to the jurisdiction, we construe the pleadings in the
plaintiff’s favor and look to the pleader’s intent.  Id.

Subject
Matter Jurisdiction under ERISA

            Section 1132(a)(1)(B) of ERISA
allows a beneficiary to bring an action to recover benefits due under the terms
of the plan, to enforce rights under the plan, or to clarify rights to future
benefits.  29 U.S.C. §
1132(a)(1)(B).  Section 1132(a)(3)(B)
permits a civil action by a participant, beneficiary, or fiduciary for other
appropriate equitable relief to redress violations of ERISA or the plan, or to
enforce provisions of ERISA or the plan. 
See 29 U.S.C. §
1132(a)(3)(B).  Under Section 1132(e),
the district courts of the United States have exclusive jurisdiction over civil
actions with the exception of those brought under section 1132(a)(1)(B).  State courts and federal district courts have
concurrent jurisdiction over those actions brought under section
1132(a)(1)(B).  When a state court suit
couched in terms of a state common law or statutory cause of action relates to
an employee welfare benefit plan, ERISA may preempt state law in favor of
federal law.  If, however, the state law
cause of action falls within the scope of an action not entrusted exclusively
to federal court jurisdiction, the state court has concurrent jurisdiction even
in the face of a timely and successful assertion of ERISA preemption and, in
the absence of removal to the federal courts, may properly decide the case
under the provisions of ERISA.  Gorman v. Life Ins. Co. of North America, 811
S.W.2d 542, 545–46 (Tex.
1991).  

            Jones’s issue presents the question
of whether her cause of action falls within the scope of section
1132(a)(1)(B).  Jones claims her suit
falls under the exception to exclusive federal jurisdiction because it is a suit
to recover benefits.  Jones, however,
does not seek unpaid benefits.  It is
undisputed that she received the benefits prescribed under the plan.  In her pleadings, Jones seeks prejudgment
interest as provided by law under the insurance code and finance code; she does
not assert that interest is included as a benefit under the plan. Jones seeks
interest she could have earned had the benefits been paid in a timely fashion
and invested.[1]  The United States Supreme Court has held that
section 1132(a)(1)(B) “says nothing about the recovery of extracontractual
damages, or about the possible consequences of delay in the plan
administrators’ processing of a disputed claim.”  Massachusetts Mut. Life Ins. Co. v.
Russell, 473 U.S. 134, 144,
105 S. Ct. 3085, 3091, 87 L.Ed.2d 96
(1985).  Therefore, a claim for interest
on benefits cannot be brought under section 1132(a)(1)(B).  See
Clair v. Harris Trust and Sav. Bank, 190 F.3d
495, 497 (7th Cir. 1999).  Section
1132(a)(3)(B) is the appropriate vehicle for such a cause of action.  Fotta v. Trustees of
United Mine Workers, 165 F.3d 209, 213 (3rd Cir. 1998).  Because Jones’s cause of action cannot be
brought under section 1132(a)(1)(B), the federal district court has exclusive
jurisdiction of her cause of action.

            Jones contends that the Texas Supreme
Court held in Gorman that ERISA
allows recovery of prejudgment interest in state or federal court.  The court in Gorman, however, came to that conclusion after finding the trial
court had subject matter jurisdiction because the plaintiff’s suit was one for
benefits, of which the state court had concurrent jurisdiction with the federal
court.  Gorman, 811 S.W.2d at 549–50. 
Here, the trial court does not have subject matter jurisdiction, so it
cannot award prejudgment interest.

            Jones further contends that because
her original petition alleged a cause of action for benefits that the trial
court maintained its subject matter jurisdiction despite the fact that her
amended pleadings deleted that cause of action. 
Jones relies on the general rule that “where jurisdiction is once
lawfully and properly acquired, no subsequent fact or event in the particular
case serves to defeat that jurisdiction.” 
Flynt v. Garcia, 587 S.W.2d 109, 109–10 (Tex.
1979).  In spite of the general rule,
however, a trial court has no jurisdiction to hear a claim that is not within
its subject matter jurisdiction.  Color Tile, Inc. v. Ramsey, 905 S.W.2d
620, 623 (Tex. App.—Houston [14th Dist.] 1995, no pet.).  An amended pleading supersedes and completely
replaces all previous pleadings, rendering the previous pleadings
ineffective.  Wren v. Texas Employment Commission, 915 S.W.2d 506, 507 (Tex.
App.—Houston [14th Dist.] 1995, no pet.). 
The trial court was bound to proceed on the last amended petition on
file.  Id. at
509.  Because Jones’s last amended
petition did not invoke subject matter jurisdiction, the court did not err in
granting the motion to dismiss.

            Accordingly, we overrule Jones’s
sole issue and affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and
Opinion filed November 14, 2002.

Panel consists of Justices
Edelman, Seymore, and Guzman.

Do Not Publish — Tex. R. App. P. 47.3(b).

 











[1]           This court expresses no opinion on whether the
benefits were timely paid.