**Opinion issued June 5, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00403-CV

_____

**ALMA RICHARDSON, Appellant**

**V.**

**TEXAS WORKFORCE COMMISSION AND FORT BEND COUNTY, TEXAS, Appellees**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 12-DCV-200428**

---

## MEMORANDUM OPINION

This appeal arises out of a lawsuit Alma Richardson filed to challenge a Texas Workforce Commission (TWC) decision denying her unemployment benefits. Richardson appeals the trial court's order granting pleas to the jurisdiction

in favor of TWC and her former employer, Fort Bend County, Texas. In one issue, Richardson contends that the trial court erred in dismissing her case because her amended pleadings satisfied section 212.201 of the Texas Labor Code. We affirm.

## Background

Richardson was a Fort Bend County employee for less than one year. After resigning from her position, Richardson filed for unemployment benefits. In the TWC administrative proceedings evaluating Richardson's eligibility for benefits, Fort Bend County was represented by the Texas Association of Counties (TAC) as its administrative group representative. TWC initially determined that Richardson was eligible for unemployment benefits; however, after Fort Bend appealed that decision, TWC reversed its ruling and denied Richardson unemployment benefits. Richardson twice appealed TWC's decision.

On January 4, 2011, TWC issued a final decision on Richardson's case and, on January 18, 2011, that decision became final under Texas Labor Code section 212.153. *See* TEX. LAB. CODE ANN. § 212.153 (West 2006).

On February, 1, 2011, the last day to file for judicial review, Richardson filed a lawsuit against TAC and TWC, seeking review of TWC's decision. *See* TEX. LAB. CODE ANN. § 212.201(a)–(b) (West 2006). TAC filed a motion for summary judgment, arguing that it had never been Richardson's employer or a party to the TWC administrative proceedings. Richardson non-suited TAC and,

over 21 months after TWC's decision became final, she filed a second amended petition, asserting claims against TWC and Fort Bend County. In response to Richardson's amended petition, both TWC and Fort Bend filed pleas to the jurisdiction asserting that Richardson failed to meet the jurisdictional requirements of section 212.201 of the Texas Labor Code by failing to list all necessary parties as defendants by the statutory deadline.

Richardson responded, arguing that it was "exceedingly confusing as to who to name as the defendant" when filing her suit, and that, despite her error in naming TAC as a defendant, "public policy, equity, and good conscience dictate that [her] small error not stand in the way" of gaining access to judicial review. The trial court granted both pleas to the jurisdiction.

Richardson timely appealed.

## Pleas to the Jurisdiction

Richardson contends that the trial court erred by granting TWC's and Fort Bend's pleas to the jurisdiction because her failure to include Fort Bend in her original petition was a "harmless error at best." She contends that naming TAC as a defendant was "rationally based" on her unemployment claim and that it was "exceedingly confusing" to know whom to name as defendants.

## A.    Standard of review

Governmental sovereign immunity deprives a trial court of jurisdiction over lawsuits against a governmental entity unless the legislature has given consent to be sued. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *City of Houston v. Rhule*, 377 S.W.3d 734, 744 (Tex. App.—Houston [1st Dist.] 2012), *rev'd on other grounds*, 417 S.W.3d 440 (Tex. 2013). A governmental entity may challenge a trial court's subject matter jurisdiction to hear a case through a plea to the jurisdiction. *Rhule*, 377 at 744. A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Review of a plea challenging the existence of jurisdictional facts "mirrors that of a traditional summary judgment motion." *Garcia*, 372 S.W.3d at 635. The defendant must meet the summary-judgment proof standard for its assertion that the trial court lacks jurisdiction as a matter of law and that no disputed issue of material fact exists. *Id*. Once the defendant meets that burden, the plaintiff then has a burden of showing that a disputed material fact does exist regarding the

jurisdictional issue. *Id*.; *Miranda*, 133 S.W.3d at 228. If the plaintiff succeeds in raising a fact issue, the trial court should deny the plea. *Garcia*, 372 S.W.3d at 635.

When reviewing the grant of a plea to the jurisdiction, appellate courts review the evidence presented to the trial court, not the agency record. *See Nuernberg v. Tex. Emp't Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993). We "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Miranda*, 133 S.W.3d at 228. If there is no fact issue regarding the court's lack of subject matter jurisdiction, the judgment granting the plea should be affirmed. *See id*. at 234.

**B.     Jurisdictional prerequisites for a section 212.201 suit**

To file a lawsuit against a governmental entity, the movant must satisfy all of the statutory prerequisites to a suit, including the provision of notice. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 511 (Tex. 2012). Statutory prerequisites to a suit are jurisdictional requirements. *Id*.

Section 212.201 of the Texas Labor Code establishes jurisdictional prerequisites for appealing a TWC decision granting or denying benefits. TEX. LAB. CODE ANN. § 212.201. Subsection (a) requires such suits to be filed in a court of competent jurisdiction, no later than 14 days after the TWC's decision becomes final. *Id*. § 212.201(a). A decision becomes final 14 days after the date that the decision is mailed. *Id*. § 212.153. Section 212.201(b) requires the plaintiff to name

each party to the proceeding before the TWC as a defendant in an action. *Id*. § 212.201(b). Failure to meet the jurisdictional requirements of section 212.201 precludes a movant from seeking judicial review of a TWC decision. *Chatha*, 381 S.W.3d at 514–15; *Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 838 (Tex. App.—Austin 2003, pet. denied) (holding that 14-day deadline is jurisdictional prerequisite and that trial court lacked jurisdiction to review TWC decision denying benefits when plaintiff filed petition after deadline); *Kelley v. Tex. Workforce Comm'n*, No. 01-05-01110-CV, 2006 WL 3804451, at *2 (Tex. App.— Houston [1st Dist.] 2006, pet. denied) (mem. op.) (same); *see also Stoker v. TWC Comm'rs*, 402 S.W.3d 926, 930 (Tex. App.—Dallas 2013, no pet.) (affirming trial court order granting TWC's plea to jurisdiction because movant failed to name "all the necessary defendants within the limitations period").

**C.    Whether Richardson's amended pleadings complied with the section 212.201 jurisdictional requirements**

Richardson concedes that her original petition failed to meet the jurisdictional requirements of section 212.201. But she insists that this mistake was made in good faith because the "documents [she] received during her administrative appeals made it exceedingly confusing as to who to name as the defendant." She contends that the trial court should have permitted her to amend her initial petition because her pleadings were "insufficient to demonstrate, [but they did] not affirmatively negate, subject matter jurisdiction." Richardson relies

6

on *Dahl ex. rel. Dahl v. State*, 92 S.W.3d 856, 860–61 (Tex. App.—Houston [14th Dist.] 2002, no pet.) to support her contention that her amended pleadings cured any defects in her original petition.

In *Dahl*, the court of appeals considered whether sovereign immunity precluded a landowner from bringing an inverse condemnation claim against the State. *Id.* at 859. In discussing the circumstances under which a plaintiff might be permitted to amend her pleadings to invoke the court's jurisdiction, the court stated that "if a plaintiff's pleadings are insufficient to demonstrate, but do not affirmatively negate jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing." *Id.* at 861. But the court cautioned that a plaintiff should not be given the opportunity to amend her pleadings when, "as in sovereign immunity cases, the lack of subject-matter jurisdiction can be cured only by the opposing party's consent to be sued." *Id.* at 861.

Richardson fails to establish that section 212.201 authorizes waiver of state sovereign immunity when a plaintiff files an amended petition after the 14 day deadline. Contrary to Richardson's contentions, courts of appeals have repeatedly resolved the same issue in TWC's favor. *See, e.g.*, *Wren v. Tex. Emp't Comm'n*, 915 S.W.2d 506, 509 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Lambeth v. Tex. Unemp't Comp. Comm'n*, 362 S.W.2d 205, 207 (Tex. Civ. App.—Waco 1962, writ ref'd) (addressing section 212.201 predecessor statute). These decisions affirm

the Texas Supreme Court's decision in *Chatha* that statutory requirements must be satisfied to confer jurisdiction on the trial court. *See Stoker*, 402 S.W.3d at 929–30. The requirement to name all defendants within the 14-day filing deadline is a jurisdictional requirement that Richardson had to satisfy. *See* TEX. LAB. CODE ANN. § 212.201.

Richardson argues that her amended petition satisfied the jurisdictional requirements by naming all of the necessary defendants and, therefore, her petition should be considered timely.[1] We disagree. "[I]f an employer who was a party to the proceedings before the [TWC] was not made a defendant within the statutory time limit, the petition may not be amended thereafter to cure the jurisdictional

---

[1] "Ordinarily, an amended pleading adding a new party does not relate back to the original pleading." *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 400–01 (Tex. 2011). This rule is subject to two exceptions: misnomer and misidentification—neither of which applies in this case. *Id.* Richardson did not establish grounds for granting equitable tolling of the statute of limitations based on her contention that her amended pleadings corrected a misidentification or misnomer. *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (A misnomer occurs when a "party misnames itself or another party, but the correct parties are involved" and a misidentification occurs when "two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity."); *see, e.g.*, *Reddy P'ship/5900 N. Freeway L.P. v. Harris Co. Appraisal Dist.*, 370 S.W.3d 373, 376–77 (Tex. 2012) (holding that trial court had subject matter jurisdiction over suit despite plaintiff's amendment to original petition to correct entity name from "Reddy Partnership, ETAL" to "Reddy Partnership/5900 North Freeway, L.P."); *see also State Office of Risk Mgmt. v. Herrera*, 288 S.W.3d 543, 548 (Tex. App.—Amarillo 2009, no pet.) (holding that statute of limitations was not tolled when plaintiff sued municipal entity instead of city because those two entities were "not related entities that operate or carry on their respective functions under a similar trade name").

defect." *Wren*, 915 S.W.2d at 509; *see also Kelley*, 2006 WL 3804451, at *2 (upholding plea to jurisdiction because plaintiff's amended petition naming additional defendants came "too late"—almost four months after statutory deadline).

In *Wren*, the plaintiffs filed their original petition within 14 days of the TWC decision becoming final. 915 S.W.2d at 508. However, the plaintiffs failed to comply with the other section 212.201 jurisdictional requirements because they did not name their previous employers as defendants. *Id*. While the *Wren* plaintiffs amended their petition to correct their error, they did so after the 14-day statutory deadline had passed. *Id*. at 509. Accordingly, the trial court properly granted the plea to the jurisdiction dismissing the plaintiffs' claims.

Similarly, Richardson filed her initial petition for review February, 1, 2011—14 days after the TWC's decision became final. Accordingly, Richardson's petition for review appears to have met the 14-day requirement for obtaining judicial review. However, Richardson named only TAC and TWC as defendants in her initial petition. Upon learning that TAC was not the proper defendant, Richardson amended her pleadings, adding Fort Bend as a defendant. But, like *Wren*, Richardson did not name her former employer, Fort Bend, as a defendant until April 12, 2011—over two months after the statutory filing deadline had passed. *See* TEX. LAB. CODE ANN. § 212.201. Because Richardson did not amend

9

her petition until almost two months after the statutory deadline for filing a petition for judicial review had passed, her amended petition failed to meet the section 212.201 jurisdictional requirements.

Having determined that Richardson did not satisfy the jurisdictional requirements of section 212.201, we conclude that the trial court did not err in granting TWC's and Fort Bend's pleas to the jurisdiction.

## Conclusion

We affirm.


Harvey Brown
Justice

Panel consists of Justices Keyes, Bland, and Brown.